# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 303 Calendar

**Wednesday, July 15, 2020**                                                              **Hearing Room    303**

<u>1:30 PM</u>
**1:20-11006    Lev Investments, LLC**                                                        **Chapter 11**
Adv#: 1:20-01060         FR LLC v. Lev Investments, LLC et al

   **#19.00**    Order to show cause re: remand and status conference of removed proceeding

                              Docket    1

  **Judge:**

The Court will not remand this matter to state court.

**I. BACKGROUND**

On December 13, 2019, FR LLC ("FR") filed a complaint in state court against Lev Investments, LLC ("Debtor"), Dmitri Ludkovski, Ruvin Feygenberg, Michael Leizerovitz and Sensible Consulting and Management, Inc. (collectively, "Defendants"). Notice of Removal, Exhibit 1.  Through the state court complaint, FR asserted claims for conversion, negligent bailment, unjust enrichment and quiet title. *Id*.  In relevant part, FR alleged—

> In December 2018, Defendants approached FR's assignor to obtain a $119,000 loan secured by the real property located at 13854 Albers Street, Sherman Oaks, CA 91401 (the "Property").  Defendants promised they would make monthly interest payments from February 2019 through July 2019, followed by a balloon payment of the total amount in July 2019.
>
> Defendants also promised that, upon sale of the Property, FR would receive a proportional share of profits.  As of the date FR filed the state court complaint, FR's assignor has not been provided the note and deed of trust and has not received any interest payments.

*Id*.  On these allegations, FR prays for, among other relief, a money judgment, a declaration regarding FR's interest in the Property and sale of the Property with proceeds distributed to FR. *Id*.  FR also requested a jury trial. *Id*.  On December 31, 2019, FR filed a Notice of Pendency of Action (the "Lis Pendens"). *Id*.

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 303 Calendar

| | |
|---|---|
| **Wednesday, July 15, 2020** | **Hearing Room   303** |

1:30 PM
**CONT...**     **Lev Investments, LLC**                                              **Chapter 11**

On June 5, 2020, Debtor removed the state court action to this Court. On June 8, 2020, the Court issued an Order to Show Cause re: Remand (the "OSC"), instructing the parties to file brief in support of or in opposition to the removal [doc. 2]. On June 19, 2020, the nondebtor defendants filed a statement of consent to the removal [doc. 7].

On July 2, 2020, FR filed a brief requesting remand of this action to state court (the "FR Brief") [doc. 8]. In the FR Brief, FR argues that abstention is mandatory because this action is noncore. FR also asserts that, even if abstention is not mandatory, the Court should remand this action because FR has requested a jury trial and Debtor and the other Defendants are engaging in dishonesty and gamesmanship. On July 7, 2020, Debtor filed a brief opposing remand of this action [doc. 9]. On July 8, 2020, the remaining Defendants filed a brief opposing remand of this matter [doc. 10].

**II. ANALYSIS**

   *A. Subject Matter Jurisdiction*

Removal of state court actions to federal district court is governed by 28 U.S.C. §§ 1441 – 1455. Removal and remand of actions related to bankruptcy cases is governed by § 1452.

   **(a)** A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
   (b) The court to which such claim or cause of action is removed my remand such claim or cause of action on any equitable ground. . . .

28 U.S.C. § 1452.

As set forth in § 1452, removal to a bankruptcy court requires that the court have jurisdiction of such claim or cause of action under 28 U.S.C. § 1334. 28 U.S.C. § 1334(b), with regard to bankruptcy cases and proceedings, provides that:

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 303 Calendar

**Wednesday, July 15, 2020**                                                                 **Hearing Room    303**

1:30 PM
**CONT...**     **Lev Investments, LLC**                                                              **Chapter 11**

Except as provided by subsection (e)(2) and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

### 1.    *Arising Under Jurisdiction*

"A matter arises under the Bankruptcy Code if its existence depends on a substantive provision of bankruptcy law, that is, if it involves a cause of action created or determined by a statutory provision of the Bankruptcy Code."  *In re Ray*, 624 F.3d 1124, 1131 (9th Cir. 2010).

### 2.    *Arising In Jurisdiction*

"A proceeding 'arises in' a case under the Bankruptcy Code if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code."  *Id*.

Matters that "arise under or in Title 11 are deemed to be 'core' proceedings . . . ."  *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995).  Title 28, United States Code, section 157(b)(2) sets out a non-exclusive list of core proceedings, including "matters concerning the administration of the estate," "allowance or disallowance of claims," "objections to discharges," "motions to terminate, annul, or modify the automatic stay," and "confirmation of plans."  Bankruptcy courts have the authority to hear and enter final judgments in "all core proceedings arising under title 11, or arising in a case under title 11 . . . ."  28 U.S.C. § 157(b)(1); *Stern v. Marshall*, 564 U.S. 462, 475-76, 131 S.Ct. 2594, 2604, 180 L.Ed.2d 475 (2011).

### 3.    *Related to Jurisdiction*

Bankruptcy courts also have jurisdiction over proceedings that are "related to" a bankruptcy case.  28 U.S.C. § 1334(b); *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005).  A proceeding is "related to" a bankruptcy case if:

[T]he outcome of the proceeding could conceivably have any effect on the

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 303 Calendar

**Wednesday, July 15, 2020**                                                                          **Hearing Room    303**

<u>1:30 PM</u>
**CONT...        Lev Investments, LLC                                                                                    Chapter 11**

estate being administered in bankruptcy.  Thus, the proceeding need not necessarily be against the debtor or against the debtor's property.  An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Pegasus Gold Corp.*, 394 F.3d at 1193 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis omitted)).

"[C]ivil proceedings are not within 28 U.S.C. § 1334(b)'s grant of jurisdiction if they… 'are so tangential to the title 11 case or the result of which would have so little impact on the administration of the title 11 case… Put another way, litigation that would not have an impact upon the administration of the bankruptcy case, or on property of the estate, or on the distribution to creditors, cannot find a home in the district court based on the court's bankruptcy jurisdiction.'" *In re Wisdom*, 2015 WL 2128830, at *10 (Bankr. D. Idaho May 5, 2015) (quoting 1 Collier on Bankruptcy, ¶ 3.01[3][e][v] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014)).

Here, at a minimum, the Court has "related to" jurisdiction over this matter.  FR contends that it made a loan which Debtor used to acquire the Property, and it is entitled to an interest in the Property, or otherwise to receive repayment of its putative loan.  FR's claim for repayment will significantly impact administration of the estate; Debtor intends to liquidate the Property for distribution to creditors, and FR's alleged right to any sale proceeds, and its claim against property of the estate, will diminish the pool of funds for other creditors.  Consequently, this Court has subject matter jurisdiction over this action.

   *B. Mandatory Abstention*

FR asserts that the Court is required to remand this matter under 28 U.S.C. § 1334(c)(2).  However, 28 U.S.C. § 1334(c)(2) does not apply to removed proceedings. *See In re Lazar*, 237 F.3d 967, 981 (9th Cir. 2001).  Nevertheless, even if 28 U.S.C. § 1334(c)(2) applied to this proceeding, *all* of the following elements would have to be met to mandate abstention—

    (1) A timely motion; (2) a purely state law question; (3) a non-core

# United States Bankruptcy Court
# Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 303 Calendar

**Wednesday, July 15, 2020**      **Hearing Room    303**

<u>1:30 PM</u>
**CONT...    Lev Investments, LLC**      **Chapter 11**

proceeding § 157(c)(1); (4) a lack of independent federal jurisdiction absent the petition under Title 11; (5) that an action is commenced in a state court; (6) the state court action may be timely adjudicated; (7) a state forum of appropriate jurisdiction exists.

*In re Gen. Carriers Corp.*, 258 B.R. 181, 189 (B.A.P. 9th Cir. 2001).

Here, FR has not demonstrated that the state court action may be timely adjudicated. *See In re First All. Mortgage Co.*, 269 B.R. 449, 455 (C.D. Cal. 2001) ("[T]he party moving for abstention will bear the burden of demonstrating that a state court action can be timely adjudicated."). As a result of the COVID-19 pandemic, California courts temporarily closed and, upon reopening, will face a significant backlog of cases. This action did not progress far in state court; in fact, Debtor contends it has not been served with the complaint.

In contrast, this Court has remained open for telephonic and video hearings. The Court continues to calendar matters on a regular basis and is able to adjudicate this matter in a timely fashion. *See In re Smith*, 389 B.R. 902, 921 n.18 (Bankr. D. Nev. 2008) (noting that "there can be no timely adjudication" where the bankruptcy court can adjudicate the matter before the state court). Given that FR has not met its burden of proving that the state court can adjudicate this matter prior to this Court, FR has not satisfied one of the elements of mandatory abstention, and this Court is not obligated to abstain from this proceeding.

   *C.  Remand*

"Bankruptcy courts have broad discretion to remand cases over which they otherwise have jurisdiction on any equitable ground." *In re Enron Corp.*, 296 B.R. 505, 508 (C.D. Cal. 2003). 28 U.S.C. § 1452(b) provides, in pertinent part: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." "'[E]ven where federal jurisdiction attaches in actions 'related to' bankruptcy proceedings, Congress has explicitly provided for courts to find that those matters are more properly adjudicated in state court.'" *Parke v. Cardsystem Solutions, Inc.*, 2006 WL 2917604 (N.D. Cal. October 11, 2006) (quoting *Williams v. Shell Oil Co.*, 169 B.R. 684, 690 (S.D. Cal. 1994)).

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
**Judge Victoria Kaufman, Presiding**
**Courtroom 303 Calendar**

**Wednesday, July 15, 2020**                                                                                               **Hearing Room    303**

1:30 PM
**CONT...        Lev Investments, LLC                                                                                          Chapter 11**

Courts generally consider up to fourteen factors in deciding whether to remand a case to state court. *Enron*, 296 B.R. at 508.  Factors courts should consider in deciding whether to remand are:

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;
(2) extent to which state law issues predominate over bankruptcy issues;
(3) difficult or unsettled nature of applicable law;
(4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
(5) jurisdictional basis, if any, other than [section] 1334;
(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
(7) the substance rather than the form of an asserted core proceeding;
(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
(9) the burden on the bankruptcy court's docket;
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
(11) the existence of a right to a jury trial;
(12) the presence in the proceeding of nondebtor parties;
(13) comity; and
(14) the possibility of prejudice to other parties in the action.

*Id.*, 508 n.2; *see also In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 738 (Bankr. C.D. Cal. 2007).

Here, the factors weigh against remanding this action.  As noted above, this action will have a significant impact on administration of the estate.  The outcome of this action will dictate the amount of funds available for distribution to creditors.  Moreover, for this reason, there is a notable degree of relatedness to the main bankruptcy case.  In addition, this action will not burden the bankruptcy court's docket; in fact, it is much more efficient for this Court to adjudicate the various disputes related to the Property in one forum instead of have multiple actions related to the Property proceed in state court.

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 303 Calendar

**Wednesday, July 15, 2020**       Hearing Room   303

1:30 PM
**CONT...**      **Lev Investments, LLC**       Chapter 11

There also is no evidence of forum shopping.  That Debtor decided to remove the proceeding is not, in and of itself, evidence of forum shopping.  Because the state court action had not progressed much prior to removal, there is no indication that Debtor removed the action to avoid an impending decision by the state court.  Further, although the complaint involves state law causes of action, the causes of action are neither difficult nor unsettled and this Court routinely adjudicates such issues.

While there are nondebtor parties involved, with the exception of FR, all remaining nondebtor parties have filed a statement consenting to entry of a final judgment by this Court.  Finally, the parties may be prejudiced if the Court remands this action because resolution of this action likely will be delayed in state court.  The delay is especially harmful with the shortened deadlines associated with subchapter V chapter 11 cases.

The parties dispute whether the causes of action asserted by FR are "core."  Although the issues are statutorily core under 28 U.S.C. § 157(b)(2)(A), (B) and (K), the parties have not briefed whether the claims are constitutionally core under *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). [FN1].  Nevertheless, even if the claims are noncore under *Stern*, the Court "can issue final rulings on pretrial matters, including claim-dispositive motions, that do not require factual findings." *In re AWTR Liquidation Inc.*, 547 B.R. 831, 839 (Bankr. C.D. Cal. 2016).  As to factual findings, whether by motion for summary judgment or trial, the Court may submit proposed findings of fact and conclusions of law to the District Court. *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 31, 134 S.Ct. 2165, 2170, 189 L.Ed.2d 83 (2014).

Finally, FR asserts it has a right to a jury trial.  Assuming FR has a right to a jury trial, FR did not timely preserve its right to a jury trial after removal of the proceeding.  Local Bankruptcy Rule ("LBR") 9027-1(e) ("Within 14 days after service of the notice of removal, a party must comply with LBR 9015-2 to preserve any right to a trial by jury."); *see also* LBR 9015-2(b) (setting forth requirements for demanding a jury trial).  Nevertheless, the parties may consent to a jury trial (and/or entry of a final judgment) before this Court. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S.Ct. 1932, 1943, 191 L.Ed.2d 911 (2015).  Otherwise, assuming this matter is set to proceed to trial, any nonconsenting party may move to withdraw the reference.  Although a submission to the District Court of proposed findings of fact and conclusions of law or a withdrawal of the reference for a jury trial may cause a slight delay, any such delay is unlikely to surpass the delays expected in state court.

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 303 Calendar

**Wednesday, July 15, 2020**                                                            **Hearing Room   303**

1:30 PM
**CONT...**      **Lev Investments, LLC**                                                              **Chapter 11**

FR's additional contentions are irrelevant to whether the Court should remand this matter. FR alleges that Debtor has engaged in dishonest conduct. However, this is not cause for remand; this Court is capable of scrutinizing the conduct of parties that appear before it. FR also discusses the conduct of Mr. Sands. However, Mr. Sands is not a party to this action, and the discussion about him has no bearing on the issues before this Court, *i.e.*, remand and abstention. In light of the analysis of the factors above, the Court will not remand this matter to state court.

### III. CONCLUSION

The Court will discharge the OSC and will not remand this matter to state court.

The Court also will set an initial status conference for **1:30 p.m. on August 19, 2020**. Pursuant to LBR 7016-1(a), the parties must file a joint status report no later than **August 5, 2020**.

The Court will discharge the OSC. Plaintiff must submit a scheduling order within seven (7) days.

### FOOTNOTES

1. FR misinterprets *Matter of Pester Refining Co.*, 66 B.R. 801 (Bankr. S.D. Iowa). There, based on the following facts, the court held that a conversion claim was core: (A) the alleged conversion occurred after the bankruptcy petition had been filed, and (2) the rights being asserted by the alleged wrongdoers were based upon a prepetition debt owed by a debtor in bankruptcy. The court did not hold that these findings are *required* for a court to deem a conversion claim core. In any event, *Pester Refining* is an out-of-circuit case from over 30 years ago, and the United States Supreme Court has since provided additional guidance on the nature of core claims.

**Party Information**

# United States Bankruptcy Court
# Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 303 Calendar

**Wednesday, July 15, 2020**                                                                 Hearing Room    303

<u>1:30 PM</u>
**CONT...**     **Lev Investments, LLC**                                                                    Chapter 11

**Debtor(s):**

| | |
|---|---|
| Lev Investments, LLC | Represented By<br>  David B Golubchik<br>  Juliet Y Oh |

**Defendant(s):**

| | |
|---|---|
| Lev Investments, LLC | Represented By<br>  David B Golubchik |
| DMITRI  LUDKOVSKI | Pro Se |
| RUVIN  FEYGENBERG | Pro Se |
| MICHAEL  LEIZEROVITZ | Pro Se |
| SENSIBLE CONSULTING AND | Pro Se |
| DOES 1 through 100, inclusive | Pro Se |

**Plaintiff(s):**

| | |
|---|---|
| FR LLC | Pro Se |

**Trustee(s):**

| | |
|---|---|
| Caroline Renee Djang (TR) | Pro Se |